**May STRICKER, Plaintiff,**

**v.**

**The MILWAUKEE INN, INC., a corporation, Defendant.**

**No. 67–C–247.**

United States District Court
E. D. Wisconsin.

May 15, 1968.

Ronald A. Padway, Milwaukee, Wis., A. Denison Weaver, Chicago, Ill., for plaintiff.

Ben G. Slater, Milwaukee, Wis., for defendant.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

This is a suit brought by Mrs. May Stricker, now residing in Missouri, to recover for personal injuries sustained as a result of a fall which allegedly occurred on the defendant's premises in Milwaukee, Wisconsin, on August 6, 1965.

The defendant has moved the court for an order dismissing the complaint or, in the alternative, for an order setting a time and place in Milwaukee for the taking of the plaintiff's discovery deposition, and upon *default, an order dismissing* the complaint. Rules 37(d) and 41 (b), Federal Rules of Civil Procedure.

The defendant's motion is based upon the failure of the plaintiff to produce herself for a discovery deposition in Milwaukee on February 15, 1968 after having been notified on January 25, 1968.

The defendant's affidavit in support of its motions asserts that the plaintiff, through her attorneys, refused to attend the taking of her deposition on the ground that she is not in good health and is unable to travel to Milwaukee. The defendant's affidavit also states that one of the plaintiff's attorneys suggested that the deposition be taken in Missouri, but that the latter declined to pay for the expenses of the trip.

The plaintiff has submitted to the court a letter written by Dr. Daniel L. Sexton, wherein it is stated:

"I feel that a trip to Milwaukee for the purpose of giving a deposition would be burdensome to her and could undo the benefits of treatment given the past several months."

Rule 37(d) provides as follows:

"If a party * * * wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

Rule 41(b) provides that a defendant may move to dismiss for the plaintiff's failure to prosecute or to comply with the rules.

█ Although rule 37(d) prohibits "wilful" failure to attend the taking of a deposition, the court of appeals for the 7th circuit has construed that term as meaning "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." United States v. 3963 Bottles, More or Less, etc., 265 F.2d 332, 337 (1959). The sanctions imposed by rules 37(d) and 41(b) are discretionary with the trial court. See 2A Barron & Holtzoff, Federal Practice and Procedure, pages 554–557, and 5 Moore's Federal Practice, 2d Ed., 1967, § 41.11(2) at page 1115.

█ In my opinion, the facts in the case at bar demonstrate that the better exercise of discretion is to deny the harsh sanction of dismissal as sought by the defendant and to grant the defendant's motion for an order requiring Mrs. Stricker to present herself for discovery in Milwaukee in the near future.

The letter from Dr. Sexton is not very impressive as a valid justification for

Mrs. Stricker's failure to present herself for discovery examination. The doctor's communication is not only unverified and belated, it is also sketchy and vague. It discloses no medical facts. It asserts that the trip to Milwaukee "would be burdensome to her", and that language is reminiscent of her counsel's verbiage in an earlier letter dated October 12, 1967. The latter letter, addressed to defendant's counsel, stated that Mrs. Stricker was not in good health and "the trip to Milwaukee would be a burden to her".

The plaintiff surely did not comply with rule 30, Federal Rules of Civil Procedure, which provides:

"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court * * * may make an order that the deposition shall not be taken, or that it may be taken only at some designated place * * *"

Under all the circumstances of this case, the court is persuaded that Mrs. Stricker has not met her burden of showing good cause why her oral deposition should not be taken in Milwaukee. The defendant shall select the time and place for such deposition in Milwaukee, but the date of the deposition shall be sometime between June 17, 1968 and June 29, 1968. Notice of the precise time and place for such deposition shall be given in writing by defendant's counsel to plaintiff's counsel not later than June 1, 1968. In the event the plaintiff fails to comply with this order, defendant's counsel may present such facts to the court, and the court at that time will address itself to the question of the dismissal of the plaintiff's action.

Accordingly, it is ordered that the defendant's motion for an order dismissing the complaint be and hereby is denied, and its motion for an order setting a time and place in Milwaukee for the taking of the plaintiff's discovery deposition be and hereby is granted.